NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 0:10-CV-00046-HRW

RONALD COUCH                                                       PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

J.C. HOLLAND, Warden                                    RESPONDENT

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Petitioner Ronald Couch is an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Prison Camp in Ashland, Kentucky. He has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. R. 2.

This Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Accordingly, the Court has reviewed Couch's Petition [Record No. 2]. For the reasons explained below, his § 2241 Petition will be denied and this proceeding will be dismissed.

**SUMMARY OF FACTS**

Petitioner states that on September 25, 2001, he was named in a multi-count indictment charging several people with drug trafficking and related crimes. He was charged with three counts,

*i.e.*, violating 21 U.S.C. § 846, conspiring to possess with intent to distribute and distributing Oxycontin; 21 U.S.C. § 841(a)(1), possessing with intent to distribute Oxycontin; and 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime. The Court takes judicial notice that this criminal proceeding took place here. *See United States v. Ronald Couch*, E.D. Ky Nos. 01-046-KKC and 02-CR-006-KKC.

Couch went to trial, and a jury convicted him on all three counts. He alleges that at his sentencing hearing, on January 8, 2003, there was a discussion as to the number of pills attributed to him. He claims that the Court compromised, ruling, "By a preponderance of the evidence, the Court finds that 2,000 pills were attributable to Ron Couch." Based on this count, "the Court used a higher Guideline range and sentenced Petitioner to 72 month concurrent sentences on the Section 842 and 846 drug charges, and to a consecutive 60 months on the Section 924(c) gun charge."

Petitioner appealed, but his counsel did not raise any sentencing irregularity or "adverse Apprendi ruling." *See United States v. Ronald Couch*, 367 F.3d 557 (6th Cir. 2004) (affirming the District Court on the sufficiency of the indictment and the evidence). Petitioner does not allege but the criminal record in this Court reveals that in 2007, he brought a Motion to Amend his sentence. On January 8, 2008, the trial Court denied that Motion.

**CLAIMS ASSERTED**

Couch challenges his consecutive 60-month firearm sentence and in the alternative, his drug sentences on the ground that the sentence is now "untenable" under "intervening circuit authority."

The authority upon which he relies consists of two Sixth Circuit cases, the first being *Almany v. United States*, No. 08-6067 [now reported at 598 F.3d 238] (6th Cir. March 10, 2010). *Almany* purportedly held, "The plain language of the firearm statute forbids a court from sentencing a

2

criminal defendant under both the mandatory minimum sentence found in the firearm statute and another, greater mandatory minimum sentence in any other provision of law." Under this case, Couch claims, he is "'actually innocent' as the term is defined in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003)."

The second case on which the Petitioner relies is *Nichols v. United States*, 501 F.3d 542, 548 (6th Cir. 2007), which purportedly held that counsel's failure to raise a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is, "*ipso facto*," constitutionally deficient assistance of counsel. Counsel's deficient assistance in Couch's case purportedly "resulted in 'cause and prejudice' in his sentencing."

Petitioner argues that because he is entitled to relief under these recent Sixth Circuit decisions and his time for filing a Section 2255 Motion to the trial court expired a year after his conviction became final in 2004, relief via a Section 2255 Motion is now inadequate and ineffective. Therefore, this Court should permit him to proceed with these claims under the "savings clause" of 28 U.S.C. § 2255, which means that the Court in the district where he is incarcerated can entertain his trial court claims under its Section 2241 jurisdiction.

**DISCUSSION**

Petitioner Couch fails to state a cognizable habeas corpus claim under 28 U.S.C. § 2241. 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). Thus, courts other than the sentencing court, including Section 2241 courts in the district in which the prisoner is held, are generally without authority to entertain habeas petitions from a federal prisoner who seeks to make such a challenge.

The instant Petitioner has seized upon the exception to the general rule to form a jurisdictional basis for this Court to hear his challenge to his conviction, i.e., the "savings clause," found in § 2255(e). By its terms, the savings clause allows a § 2241 action if a challenge under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)).

"Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

This is an exceedingly narrow exception, however. The remedy is not "inadequate and ineffective" simply because the prisoner failed to file a prior post-conviction motion under Section 2255 or, if he filed an earlier § 2255 motion, was denied relief. *Charles*, 180 F.3d at 756-58. Nor does the passage of the Statute of Limitations for filing a Section 2255 Motion satisfy the standard for allowing a Section 2241 Court to proceed on the merits of a challenge to the trial court's sentence. *Id*. The Petitioner must demonstrate that his "remedy by §2255 was truly barred." *See Perez v. Federal Bureau of Prisons*, No. 05-CV-241-JMH, 2005 WL 1398108 (E.D. Ky. June 13, 2005)

Additionally, the Sixth Circuit has held that use of the savings clause exception has another requirement. Besides a barred Section 2255 Motion, the Petitioner must make a claim of

4

"actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Actual innocence has also been defined narrowly. A prisoner has an actual innocence claim when he was convicted of conduct which an intervening, retroactively applicable Supreme Court opinion which has been defined as non-criminal. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (actual innocence means factual innocence); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (Section 2241 Petition is deemed permissible under the savings clause upon claim of actual innocence under federal arson statute after the intervening decision of the Supreme Court of the United States defining the federal crime of arson in *Jones v. United States*, 529 U.S. 848 (2000)).

The instant Petitioner claims actual innocence, but not the actual innocence as defined in *Martin* or other circuit court opinions. *See Jeffers v. Chandler*, 253 F.3d 827, 31 (5th Cir. 2001) (for use of the savings clause the Petitioner must show that he was convicted for "conduct that did not constitute a crime"), *cert denied*, 534 U.S. 1001 (2001); *Hernandez-Escarsega v. Morris*, 43 Fed. Appx. 181, 184 (10th Cir. 2010) ("[T]he core idea is that the Petitioner may have been imprisoned for conduct that was not prohibited by law" (citing *Reyes-Requena v. United States*, 243 F.3d 893, 903-904 (5th Cir.2001)). Moreover, the authority upon which he relies are not Supreme Court cases re-defining a crime, but circuit court cases, which cannot be said to have changed federal law.

Further, even if there were a change in the law, from any source, the Petitioner's "actual innocence" claim may still not be actionable collaterally and retroactively under 28 U.S.C. § 2241. Additionally, in this case, it is doubtful that a person can be actually innocent of a sentence. *Bannerman*, 325 F.3d at 724 (citing *United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001)); *Newsome v. Nalley*, 128 Fed.Appx. 815 (2nd Cir. 2005) (lack of Section 2241 jurisdiction

when "actual innocence' challenge went to the sentence, not the underlying conviction).

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v. Morris,* 43 Fed.Appx. 181, 183, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual, innocence); *Reyes-Requena v. United States,* 243 F.3d at 903-04 (same); *Whitener v. Snyder,* 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same); *Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir.1999) ("[I]t is unclear whether and to what extent a petitioner can show actual innocence in relation to his claims that challenge imposition of his sentence").

The instant Petitioner does not state a claim of actual innocence of criminal conduct. Therefore, to the extent that Couch is simply attacking the validity of the length or consecutive nature of his sentences rather than arguing that he is actually innocent of drug trafficking or possessing a firearm, the § 2255(e) savings clause does not assist him. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *see also Henderson v. Rios*, No. 08-167-ART, 2008 WL 5274884, at *1 (E.D. Ky. Dec. 16, 2008) (rejecting a similar challenge to supervised release imposed on the basis that the petitioner's claim was not one of actual innocence).

It is a petitioner's burden to prove that his remedy under § 2255 is actually inadequate or ineffective (*Charles*, 180 F.3d at 756) and that he is actually innocent of conduct that is criminal (*Martin,* 319 F.3d at 799). It is a burden that the instant Petitioner has failed to carry.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.    Petitioner Ronald Couch's Petition for Writ of Habeas Corpus, R. 2, is **DENIED**.

6

2. This action shall be **DISMISSED** and **STRICKEN** from the active docket.

3. Judgment shall be entered contemporaneously with this Order in favor of the named Respondent.

This June 1, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge